**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JEFFREY GOSNER                     :
                                   :
          Plaintiff,               :    CIVIL ACTION
                                   :
     vs.                           :    NO. 04-CV-5562
                                   :
ROHM AND HAAS COMPANY and          :
ROHM AND HAAS COMPANY HEALTH       :
AND WELFARE PLAN                   :
                                   :
          Defendants               :


**MEMORANDUM AND ORDER**

JOYNER, J.                                    August 1, 2005

     This disability benefits case is now before the Court for
resolution of Cross-Motions for Summary Judgment.  For the
reasons which follow, Defendants' Motion is granted and
Plaintiff's Motion is denied.

**Factual Background**

     Plaintiff in this action worked for Defendant Rohm and Haas
Company ("Rohm and Haas") for seventeen years as a full-time
hourly employee, serving as a reactor operator at Rohm and Haas'
Bristol, Pennsylvania plant.  (Complaint, ¶ 19).  As an employee,
Plaintiff is eligible for benefits under Defendant Rohm and Haas
Company Health and Welfare Plan ("Plan").  (Id. at ¶ 7).  The
Plan includes (1) Short-Term Disability Benefits consisting of
Accident & Sickness Benefits during the first six months of
disability and an Extended Disability Allowance during the next

six months of disability, (2) Long-Term Disability Benefits ("LTD"), and (3) a Disability Retirement Allowance ("DRA"). (Id.).  Rohm and Haas is the Plan Administrator, and Liberty Life Assurance Company of Boston ("Liberty Life") is the Claims Administrator for the Plan.  (Id. at ¶¶ 8-9).  The Plan explicitly gives Rohm and Haas "sole discretion" in determining eligibility for benefits.  (Id. at ¶ 14).  Finally, Rohm and Haas pays benefits exclusively out of its own funds.  (Id. at ¶ 16).

While actively employed with Rohm and Haas, Plaintiff awoke on March 31, 2003 with severe back pain.  (Id. at ¶ 21).  Later that day, Plaintiff was examined by his primary care physician and found incapable of minimum activity.  (Id. at ¶ 21).  Due to lumbar spine problems confirmed by treating physicians, Rohm and Haas provided Plaintiff Short-Term Disability benefits for the one year maximum period.  (Id. at ¶¶ 23-25).  When Plaintiff's Short-Term Disability benefits expired, he began receiving LTD. (Id. at ¶ 29).  Rohm and Haas continues to provide LTD benefits to Plaintiff.  (Id.).

After the Social Security Administration ("SSA") determined that Plaintiff was eligible to receive Social Security Disability benefits, Plaintiff applied for a DRA under the Plan.  (Id. at ¶¶ 31-33).  On August 2, 2004 Rohm and Haas denied Plaintiff's DRA claim after finding that Plaintiff was not disabled from any job and that his disability was not permanent.  (Id. at ¶ 36).  On

September 20, 2004 Rohm and Haas denied Plaintiff's appeal, reaffirming its determination that Plaintiff did not qualify for a DRA.  (<u>Id.</u> at ¶ 38).  As Plaintiff exhausted all administrative appeals under the Plan, he filed a Complaint in this Court alleging that Defendants wrongfully denied him a DRA in violation of the Employee Retirement Income Security Act ("ERISA").  (<u>Id.</u> at ¶ 51).

Plaintiff now moves for summary judgment, contending that Rohm and Haas' denial of his DRA resulted from its failure to consider the findings of Plaintiff's treating physicians. (Plaintiff's Motion for Summary Judgment, p.14).  Plaintiff further argues that this Court should use a heightened form of the arbitrary and capricious standard of review, as Rohm and Haas' dual role in determining eligibility for benefits and paying benefits creates a conflict of interest.  (<u>Id.</u> at p.11). Defendants also move for summary judgment, asserting that Rohm and Haas denied Plaintiff's DRA claim after thoroughly considering the findings of Plaintiff's physicians, two Rohm and Haas physicians, and the SSA.  (Defendants' Motion for Summary Judgment, p.11).  Defendants further argue that this Court should apply the usual, deferential arbitrary and capricious standard of review, as the Plan explicitly gave Rohm and Haas discretionary authority to determine benefits eligibility.  (<u>Id.</u> at p.8).

## Standards Governing Summary Judgment Motions

In deciding a motion for summary judgment under Fed.R.Civ.P. 56(c), a court must determine "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." Medical Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (internal citation omitted).  Indeed, Rule 56(c) provides that summary judgment is properly rendered:

> [I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Stated more succinctly, summary judgment is appropriate only when it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-32 (1986).  An issue of material fact is said to be genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## Discussion

### I.   Standard of Review

Under ERISA, an employee may bring a lawsuit against his plan administrator for wrongful denial of disability benefits. See 29 U.S.C. § 1132(a)(1)(B).  ERISA Section 503 specifically

4

provides:

> A civil action may be brought by a participant or
> beneficiary to recover benefits due him under the terms of
> his plan, to enforce his rights under the terms of the plan,
> or to clarify his rights to future benefits under the terms
> of the plan.

29 U.S.C. § 1132(a)(1)(B).  In an ERISA benefits denial claim, an

arbitrary and capricious standard of review generally applies

where the plan gives the administrator "discretionary authority

to determinate eligibility for benefits or to construe the terms

of the plan."  Firestone Tire & Rubber Co. v. Bruch, 489 U.S.

101, 115 (1989).  Under that deferential standard of review, a

court "is not free to substitute its own judgment for that of

[the plan administrator] in determining eligibility for plan

benefits."  Orvosh v. Program of Group Ins. for Salaried

Employees of Volkswagen of Am., Inc., 222 F.3d 123, 129 (3d Cir.

2000).  Accordingly, a court must defer to the plan administrator

unless the administrator's decision was "without reason,

unsupported by substantial evidence, or erroneous as a matter of

law."  Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377,

393 (3d Cir. 2000).

An exception to the deferential arbitrary and capricious

standard exists, however, where the plan administrator is

"operating under a conflict of interest."  Smathers v. Multi-Tool

Inc. / Multi-Plastics, Inc. Employee Health and Welfare Plan, 298

F.3d 191, 197 (3d Cir. 2002) (quoting Firestone, 489 U.S. at

115).  The Third Circuit Court of Appeals has found that a potential conflict of interest arises where an employer both funds and administers an employee benefits plan.  Smathers, 298 F.3d at 197.  In Pinto, for example, the Third Circuit found a conflict of interest where an insurance company decided benefits eligibility and paid benefits from its own funds.  214 F.3d at 387.  The Third Circuit noted, however, that a conflict of interest is less likely where an employer, rather than an insurance company, fills the dual roles of funding the plan and determining eligibility.  Id. at 378.  Specifically, the Third Circuit found that "the structural incentives [for an employer] to deny meritorious claims are generally outweighed by the opposing incentives to grant them -- such as the 'incentives to avoid the loss of morale and higher wage demands that could result from denials of benefits.'"  Id. (quoting Nazay v. Miller, 949 F.2d 1323, 1335 (3d Cir. 1991)).

When a conflict of interest exists, courts in the Third Circuit adjust the arbitrary and capricious standard using a "sliding scale method, intensifying the degree of scrutiny to match the degree of conflict."  Pinto, 214 F.3d at 379.  Even a heightened arbitrary and capricious standard, however, neither warrants de novo review nor shifts the burden to the plan administrator to explain its decision.  Id. at 379.  Rather, factors indicating a possible conflict of interest enable a court

6

to apply a "deferential, but not absolutely deferential" arbitrary and capricious standard of review.  Id.

The parties in this action do not dispute that the Plan explicitly gives Rohm and Haas sole discretion over interpreting Plan terms and deciding whether employees qualify for various categories of benefits.  Thus, some level of the arbitrary and capricious standard of review is appropriate.  The parties also agree that Rohm and Haas both administers and funds the Plan. Accordingly, preexisting law indicates that a heightened, less deferential form of arbitrary and capricious review may be applied.

Although the inherent structure of the Plan's administration and funding presents a possible conflict of interest, Plaintiff fails to put forth further fact-specific evidence of bad faith in this particular case.  See Goldstein v. Johnson & Johnson, 251 F.3d 433, 435 (3d Cir. 2001)(indicating that courts show less deference to an employer's decision where the plaintiff proves both structural and fact-specific biases).  In fact, Plaintiff admits that Rohm and Haas not only provided Short-Term Disability benefits for the maximum time period allowed by the Plan but also steadily continues to pay Plaintiff LTD benefits.  This Court will analyze Rohm and Haas' denial of Plaintiff's DRA claim using only a slightly heightened form of arbitrary and capricious review, whereby we will give partial rather than absolute

7

deference to Rohm and Haas' decision.  See Pinto, 214 F.3d at 379 (requiring that the level of scrutiny correlate with the number and strength of factors indicative of a conflict of interest).

## II.  Rohm and Haas' Denial of Plaintiff's DRA Claim

Under the Plan, an employee is not eligible to receive benefits for Short-Term Disability, LTD, or DRA unless "illness or injury prevents [the employee] from working at [his] regular job, or any other job for which [he is] qualified." (Plaintiff's Exhibit C, p.2; Defendants' Exhibit B, p.2).  In order to qualify for DRA benefits, however, a Plaintiff must also (1) have five years of service under the Pension Plan, (2) be totally and permanently disabled so he cannot do any work for pay, and (3) have received Social Security disability benefits for at least seven months.  (Id. at p.7).  The parties in this action do not dispute that Plaintiff satisfies elements (1) and (3) of the DRA test, but they disagree as to whether Plaintiff is "permanently" disabled and thereby meets the second element.

Defendant Rohm and Haas supports its determination that Plaintiff is not permanently disabled with substantial evidence from the Administrative Record.  Medical records from Plaintiff's doctors substantiate the conclusion that Plaintiff is not permanently disabled.  Indeed, medical records throughout the first eight months of 2004 show that Plaintiff was under active medical care by specialists who were exploring various

8

alternatives to improve his condition.  (Administrative Record, marked as Defendants' Exhibit A).  For example, Dr. Robert Salvage, M.D., administered spinal injections to Plaintiff multiple times and reported that "Mr. Gosner does obtain significant relief from these injections and this particular injection actually helps him to increase his activities of daily life."  (Id.)  In a 2004 evaluation, Dr. Salvage also concluded that Plaintiff "is doing better than he was on presentation, which was 11/11/03."  (Id.)

Plaintiff was also in consultation with several physicians about gastric bypass surgery or other weight loss methods as a means of relieving his back problems.  (Id.)  After meeting with Plaintiff to discuss the benefits of gastric bypass, Dr. Salvage explained that he has "several patients who have undergone gastric bypass procedures with resultant decrease in their pain syndrome and also resultant remediation of co-existing conditions such as sleep apnea and hypertension.  These patients are no longer utilizing pain medication or medications to treat their co-existent conditions."  (Id.)  Following an office visit with Plaintiff, spine surgeon Dr. Donald Sutton, M.D., wrote that "[w]e anticipate that with his weight reduction with his upcoming gastric bypass, that this should hopefully relieve some of the stresses in the lumborsacral region, as well."  (Id.)  Although Plaintiff chose to pursue weight loss on his own rather than by

gastric bypass, the medical opinions indicating potential significant improvement for Plaintiff support the determination that his disability is not irreparably permanent.  In sum, the utilization of various methods of active care aimed at recovery is not consistent with a condition of permanent disability. Rather, exploring different medical treatments shows that physicians viewed Plaintiff as capable of improvement.

The distinct possibility that Plaintiff's disability is not permanent was noted not only by Plaintiff's treating physicians but also by the SSA.  The SSA determined that Plaintiff was not permanently disabled and therefore kept his case open for future medical review.  (Id.)  In fact, the SSA wrote the following in regard to Plaintiff's disability: "Because we expect your health to improve, we will review your case in January 2007."  (Id.) This statement made by the SSA one month before Rohm and Haas denied Plaintiff's DRA claim supports the determination that Plaintiff is not permanently disabled.

After reviewing the Administrative Record, both Dr. Eileen Bonner, Corporate Medical Director for Rohm and Haas, and Dr. Jeffrey Erinoff, Medical Director of the Delaware Valley Health Services Department for Rohm and Haas, independently concluded that Plaintiff was not eligible to receive DRA benefits.  In explaining why Plaintiff did not qualify for a DRA, Dr. Bonner noted that Plaintiff is not permanently disabled from performing

10

any Rohm and Haas job.  (Id.)  Plaintiff contends that Rohm and Haas' decision was arbitrary and capricious because Plaintiff's D.O., Dr. Mark Radbill, submitted a letter on August 24, 2004 stating that Plaintiff is permanently unable to work.  However, Dr. Radbill offered no explanation for this medical opinion, and his conclusory statement is insufficient to show that the DRA denial was arbitrary and capricious.

Plaintiff further argues that his qualification for Social Security benefits entitles him to a DRA.  As previously noted, however, obtaining Social Security benefits is only one of three elements required to qualify for a DRA.  Moreover, the standard for receiving Social Security benefits is less strict than the DRA standard.  Indeed, permanent disability is not required to receive Social Security benefits.  Rather, the SSA only requires an "inability to engage in any substantial gainful activity," with such disability expected to last one year.  42 U.S.C. §426(d)(1)(A).

Finally, Plaintiff asserts that his history of back problems and physicians' continuing reports of lumbar spine difficulties unquestionably indicate that he is totally and permanently disabled.  Although Plaintiff's evidence indicates that he experiences some back pain, this Court finds such evidence insufficient to prove that Rohm and Haas acted arbitrarily and capriciously in finding that Plaintiff is not permanently

disabled and therefore ineligible to receive DRA benefits.[1]

The parties in this action further disagree as to whether Plaintiff is totally disabled and therefore unable to perform any Rohm and Haas job.  Because Rohm and Haas' denial of DRA benefits is wholly justified upon finding that Plaintiff's disability is not permanent, this Court does not need to consider the merits of the dispute regarding whether any jobs at Rohm and Haas or in the national economy exist which Plaintiff would be capable of performing.  Finally, the parties disagree about whether Plaintiff's DRA benefits would be offset by his SSA benefits, if in fact Plaintiff qualified for a DRA.  Because this Court has upheld Rohm and Haas' denial of DRA benefits, we refrain from addressing the subsidiary SSA offset issue.

An order follows.

---

[1] In Plaintiff's response to Defendants' Motion for Summary Judgment, he additionally argues that the Summary Plan Description ("SPD") outlining DRA benefits has contradictory terms which should be construed against Defendants.  The SPD states that an employee may not receive a DRA unless he is "totally and permanently disabled."  (Exhibit C to Plaintiff's Motion for Summary Judgment).  The SPD also states that an employee continues to receive DRA benefits until the earliest of "normal retirement age, recovery, or death."  (Id.)  Plaintiff argues that it is contradictory to grant DRA benefits only where the disability is "permanent," yet indicate that DRA benefits will be taken away if the employee "recovers."  This Court, however, is not persuaded to find the SPD's terms contradictory.  Rather, we find that the "recovery" language was intended to alert employees that they would no longer receive DRA benefits if a disability once thought to be permanent was later found to be merely temporary.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JEFFREY GOSNER                        :
                                      :
           Plaintiff,                 :        CIVIL ACTION
                                      :
           vs.                        :        NO. 04-CV-5562
                                      :
ROHM AND HAAS COMPANY and             :
ROHM AND HAAS COMPANY HEALTH          :
AND WELFARE PLAN                      :
                                      :
           Defendants                 :

## ORDER

        AND NOW, this 1st day of August, 2005, upon consideration of
Plaintiff's Motion for Summary Judgment (Doc. No. 10),
Defendants' response thereto (Doc. No. 13), Defendants' Motion
for Summary Judgment (Doc. No. 9), and Plaintiff's response
thereto (Doc. No. 12), it is hereby ORDERED that Plaintiff's
Motion is DENIED.  It is FURTHER ORDERED that Defendants' Motion
is GRANTED and Judgment as a matter of law is entered in favor of
Defendants and against Plaintiff.

                                        BY THE COURT:

                                        s/J. Curtis Joyner
                                        J. CURTIS JOYNER,  J.